Reese, J.
delivered the opinion of the court.
The bill alleges that the wife of complainant, High, contracted to convey and did convey to one Harris, a tract of land, and that for a large portion of the consideration he executed to her his bill single, that Harris sold and conveyed by deed the tract of land in several portions to defendants, who *187 at the time of the purchase well knew that the consideration r _ was unpaid by Harris to complainants, that complainants are ignorant of the terms of the purchases by defendants, and whether they paid Harris the consideration or not, and that before the filing of the bill, Harris departed this life insolvent. The bill seeks against the defendants, a satisfaction of complainant’s lien, as vendor, upon the tract of land for the balance unpaid of the consideration. A demurrer to the bill was filed by the defendants and that demurrer sustained by the chancellor and the bill dismissed, from which decree the complainants prosecute their appeal to this court, and now in support of the demurrer it is insisted, 1st. that before the complainants can maintain their bill against the defendants, they must investigate their debt and obtain a judgment at law against the personal representative of Harris, and 2nd, that the personal representative of Harris should have been a party defendant, or the bill should have alleged that there is no personal representative.
1st. The first point is attempted to fee sustained by the case of Balentine vs. Kercheville, determined by this court and reported in 6 Yer. Rep. That case is no authority for such a position. Nothing can well be more distinct than the vendee’s specific lien upon the tract of land conveyed by him and the lien between the landlord and tenant created by act of assembly, which constitutes the ground of the decision referred to. The former is in the nature of a mortgage, it attaches itself specifically to the land, whether in the hands of the first vendee or of a purchaser from him, with notice, and upon principle there is no more reason for investigating the fact or extent of indebtedness in a court of law in such a case, than with respect to a mortgage. In either case the fact and extent of indebtedness must be investigated, and it is competent to investigate it where a satisfaction of the lien is sought in a court of chancery, and this whether the mortgagor or his heir or the vendee or purchaser from him be the party defendant. In the case of Sheratz vs. Nichodemus Sen. and Jr., 7 Yer. Rep. 1, where the latter had a deed for the land against which the lien was to be enforced, the complainant brought not judgments, but notes with him into the court of chancery. *188 We think, therefore, that the demurrer cannot be sustained * this ground.
2d. The second ground upon which it is attempted lo sustain the demurrer, is, that the personal representative of Harris ought to have been made a party defendant. We are of opinion, that i( the bill had shown that there was abalance of the consideration in the purchase of the defendants from Harris, still due to the personal representative of Harris, such representative would have been a necessary party, as interested in the subject of the controversy and in the proceeds of the sale of the land, if a sale had taken place, upon the same principle that it is necessary to make a second mortgagee a party to a bill for foreclosure. But the bill alledges that complainants are ignorant whether a balance of the purchase money is due from the defendants to Harris. The bill then does not show any interest in the land, the subject of controversy in the representatives of Harris, and if it exist it must be shown aliunde,, in the answer of the defendants or in the proof. But it is said to be necessary to make the personal representative of Harris a party, because he is the debtor of the complainants, and with him should be investigated the question of indebtedness. In a case mentioned in 1 P. Wm’s, note, where a bill was brought by a mortgagee against the heir of a mortgagor, it was objected that the executor of the mortgagee ought to be made a party because it did not appear but that he might have paid the debt. But it was ruled that there was no necessity to make the executor a party, and it ivas said the plaintiff was no ways bound to intermeddle with the personal estate or run into an account thereof, and that if the heir would have the benefit of tyry payment made by the mortgagor or his executor, he must prove it. Buncombe vs. Horsely, and see also Fell vs. Brown, 2 Brown’s Ch. Rep. 279. The case in P. Wm’s. shows that in this case, if Harris had died without conveying the land, his heir might have been made the party to this bill without joining the personal representatives, and this upon the principle that the lion attaches to the land, that the land, so to speak, is debtor, whether in the hands of the vendee or his heir. The same principle, we a.pprehend, applies to the present defendants who are purchas *189 ers from Harris. They are not entitled to insist that com-J t plainant shall intermeddle with the personal estate of . , - \ .. . , or run into an account thereof, and it payments havo been made they can prove it. The same point is determined in the case of Bradshaw vs. Ourtram. 13 Ves. Rep. 234. In that case, which was a bill against the the infant heir of the mortgagee to foreclose, his mother the executrix, was made a parly, and upon argument the bill as to her was dismissed, because not a proper party. See also Atkinson and Wife vs. Surgoin’s adm’r., 1 Yer. 400. We are therefore of opinion that upon neither ground can this demurrer be sustained.
Let the decree be reversed, the demurrer overruled and the cause be remanded to tbo chancery court, where the defendants will answer and further proceedings be had.
Decree reversed.